UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON WEST,

        Plaintiff,                         CIVIL ACTION NO. 07-11081

      v.                                      DISTRICT JUDGE ANNA DIGGS TAYLOR

MICHIGAN DEPARTMENT OF              MAGISTRATE JUDGE VIRGINIA M. MORGAN
CORRECTIONS, INSPECTOR
PUTNAM, and S. KRONBERG,

        Defendants.[1]
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (D/E #24). Defendants have filed a response in opposition to plaintiff's motion (D/E #28). For the reasons discussed below, this Court recommends that plaintiff's motion be **DENIED**.

        Plaintiff seeks an order requiring prison officials to remove plaintiff's Security Threat Group designation and to transfer him to another prison facility. A preliminary injunction is an extraordinary measure that has been characterized as "one of the most drastic tools in the arsenal of judicial remedies." Bonnell v. Lorenzo, 241 F.3d 800, 808 (6th Cir. 2001) (quoting Hanson Trust PLC v. ML SCM Acquisition Inc., 781 F.2d 264, 273 (2d Cir. 1986). "When deciding whether to issue a preliminary injunction, the district court considers the following four factors: '(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would

---

[1] On September 17, 2008, the Honorable Anna Diggs Taylor adopted a report and recommendation of this Court and dismissed the Michigan Department of Corrections from this action (D/E #17).

otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.'" Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000) (quoting McPherson v. Michigan High Sch. Athletic Ass'n, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (quoting Sandison v. Michigan High Sch. Athletic Ass'n, 64 F.3d 1026, 1030 (6th Cir. 1995))).[2] These factors are to be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction. See United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth., 163 F.3d 341, 347 (6th Cir. 1998); McPherson, 119 F.3d at 459.

In this case, an analysis of the above factors compels the conclusion that plaintiff's motion must be denied. Plaintiff cannot demonstrate a strong likelihood of success on the merits as he does not have any claims pending against defendants. On September 2, 2008, the Honorable Anna Diggs Taylor granted Putnam and Kronberg partial summary judgment and dismissed the MDOC entirely (D/E #17). In that same order, Judge Taylor also granted plaintiff leave to file an amended complaint detailing his remaining claims against Putnam and Kronberg within thirty days (D/E #17), but plaintiff has not yet filed an amended complaint that has been accepted by the court.

Nor can plaintiff demonstrate that he would suffer irreparable injury if a preliminary injunction was not issued. Plaintiff correctly notes that infringement upon First Amendment values constitutes irreparable injury, Bell v. Johnson, 308 F.3d 594, 609 (6th Cir. 2002); Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989), but he also rests upon the factual allegations contained in his original complaint and there is no evidence that defendants are infringing upon plaintiff's First Amendment rights.

---

[2]The same four-part inquiry is used with respect to temporary restraining orders. See Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008).

Defendants do not argue that issuing a preliminary injunction would cause substantial harm to others, but they do assert that an issuance would not serve the public interest because of the public policy against judicial interference with the administration of prisons.  "Federal restraint into intrusion of a state penal institution is counseled for at least two reasons: '[J]udicial deference is accorded not merely because the administrator ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the providence of the Legislative and Executive Branches of our Government not the Judicial.'" U.S. v. State of Mich., 940 F.2d 143, 167 (6th Cir. 1991) (quoting Kendrick v. Bland, 740 F.2d 432, 437-38 (6th Cir. 1984) (quoting Bell v. Wolfish, 441 U.S. 520, 548, 99 S. Ct. 1861, 60 L. Ed.2d 447 (1979)) (citing Arruda v. Fair, 710 F.2d 886 (1st Cir. 1983); Sampson v. King, 693 F.2d 566 (5th Cir. 1982); Newman v. Alabama, 683 F.2d 1312, 1320 (11th Cir. 1982)).

In light of plaintiff's failure to demonstrate a strong likelihood of success on the merits or danger of irreparable injury, as well as the public policy against judicial interference with the administration of prisons, this Court recommends that plaintiff's motion for temporary restraining order and preliminary injunction be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit

<u>Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

 Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

      <u>s/Virginia M. Morgan</u>
      Virginia M. Morgan
      United States Magistrate Judge

Dated: January 7, 2009

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and Carlton West via the Court's ECF System and/or U. S. Mail on January 7, 2009.

      <u>s/Jane Johnson</u>
      Case Manager to
      Magistrate Judge Virginia M. Morgan