UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON WEST,

       Plaintiff,                        CIVIL ACTION NO. 07-11081

       v.                                 DISTRICT JUDGE ANNA DIGGS TAYLOR

MICHIGAN DEPARTMENT OF         MAGISTRATE JUDGE VIRGINIA M. MORGAN
CORRECTIONS, INSPECTOR
PUTNAM, and S. KRONBERG,

       Defendants.[1]
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

      This matter has been referred to this Court for all pretrial proceedings (D/E #11). For the reasons discussed below, this Court recommends that plaintiff's case be dismissed *sua sponte* for failure to prosecute unless plaintiff files an amended complaint by January 30, 2009, stating his remaining claims against Putnam and Kronberg and limited to those two defendants.

**II. Background**

      On March 13, 2007, plaintiff filed a complaint against defendants Michigan Department of Corrections, Putnam and Kronberg (D/E #1). That complaint did not specifically identify plaintiff's claims against defendants, but it did allege that on March 12, 2003, Kronberg, a correctional officer, searched plaintiff's cell at the G. Robert Cotton Correctional Facility in

---

[1] On September 17, 2008, the Honorable Anna Diggs Taylor adopted a report and recommendation of this Court and dismissed the Michigan Department of Corrections from this action (D/E #17).

Jackson, Michigan, and seized some of plaintiff's property (Complaint, pp. 6-7) and that Putnam failed to respond to plaintiff's questions regarding the seized property (Complaint, p. 7). Plaintiff also alleged that, after he filed a grievance over the seizure of his property, Kronberg seized plaintiff's leather belt on Putnam's orders. (Complaint, p. 7) Plaintiff further alleged that Putnam attempted to convince plaintiff to renounce the grievance plaintiff had filed as a condition for returning the belt. (Complaint, p. 8) Plaintiff also alleged that, on August 1, 2003, plaintiff was told that, per Putnam's orders, he was being moved from J-Unit to H-Unit because plaintiff had been designated STG ("Security Threat Group") II and that he would likely be transferred in the future because of his new security classification. (Complaint, p. 9) According to plaintiff's complaint, he was transferred to a maximum security prison on August 19, 2003. (Complaint, p. 11)[2]

On July 26, 2007, defendants filed a motion for summary judgment (D/E #8). In that motion, defendants argued that they are entitled to summary judgment because of the absence of a genuine issue of material fact and because of immunity. Specifically, defendants argued that MDOC and the individual defendants in their official capacities have Eleventh Amendment immunity, due process claims cannot be based on contraband property, an administrative hearing is not required before an inmate is given a STG designation, and plaintiff has no physical injury that would permit him to recover mental and emotional damages.

On August 22, 2007, plaintiff filed a response to defendants' motion for summary judgment (D/E #10). In that response, plaintiff argued that he was not attempting to sue the State

---

[2] Plaintiff attempted to file an amended complaint on August 3, 2007 (D/E #9), but he failed to get the written consent of the defendants or the leave of the Court before doing so, as required by Fed. R. Civ. P. 15(a)(2).

of Michigan and, instead, sought to sue state officials in their official and individual capacities. Plaintiff also argued that seized property may form the basis of a due process claim where the state fails to provide adequate post-deprivation remedies. Plaintiff further argued that money damages are recoverable for emotional damages in cases such as his.

On April 28, 2008, this Court issued a report recommending that defendants' motion be granted in part and that defendants be granted summary judgment on plaintiff's claims against the MDOC, plaintiff's claims against Kronberg and Putnam in their official capacities, and plaintiff's due process claims against Kronberg and Putnam in their individual capacities (D/E #13). However, because plaintiff appeared to have alleged more than the claims addressed by defendants' motion, this Court also recommended that plaintiff be granted leave to file an amended complaint within 30 days clearly detailing his remaining claims against Putnam and Kronberg (D/E #13).

On September 2, 2008, the Honorable Anna Diggs Taylor ordered that this Court's report and recommendation be accepted and adopted, that defendants' motion for summary judgment be granted in part, and that plaintiff be granted leave to amend his complaint within thirty days of the order (D/E #17).

On September 7, 2008, plaintiff filed an amended complaint (D/E #21). As part of that amended complaint, plaintiff alleged claims against eighteen new defendants in addition to claims against Putnam and Kronberg. This Court subsequently ordered that plaintiff's amended complaint be stricken because the subject matter of plaintiff's amended complaint exceeded the scope of the leave granted by the District Court (D/E #25). As noted in that order, plaintiff should have filed a separate action and pay a separate filing fee if he wished to bring new claims against new defendants. However, because plaintiff still appeared to have claims remaining

-3-

against Putnam and Kronberg, plaintiff was again granted leave to file an amended complaint within thirty days of that order clearly detailing his remaining claims against Putnam and Kronberg.

On October 17, 2008, plaintiff filed a motion for leave to file an amended/supplemental complaint pending before the Court (D/E #22).  In that motion, plaintiff seeks to file an amended or supplemental complaint alleging claims against Putnam, Kronberg, and numerous other new defendants.  This Court subsequently denied that motion because of the futility of allowing plaintiff's claims against the proposed new defendants and plaintiff's numerous failures to file an amended complaint in compliance with the court orders

## III. Discussion

The Sixth Circuit has held that a district court has three different sources of authority to dismiss a case for failure to prosecute.  See Coleman v. Am. Red Cross, 23 F.3d 1091, 1094, n. 1 (6th Cir. 1994). The first source, which is not applicable here, is Fed. R. Civ. P. 16(f), which permits dismissal under Fed.R.Civ.P. 37(b)(2)(A)(v) when a party or its attorney fails to appear at a scheduling or other pretrial conference.  See Fed. R. Civ. P. 16(f)(1)(A). The second source is Fed. R. Civ. P. 41(b), which permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order.[3]  The third source is the court's inherent power to "protect [ ] the due and orderly administration of justice, and ... maintain[ ] the authority and dignity of the court...."  Bowles v. City of Cleveland, 129 F. App'x 239, 241 (6th Cir. 2005) (unpublished) (citing Cooke v. United States, 267 U.S. 517, 539 (1925)).

---

[3] Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b).  Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

The four factors used in determining the appropriateness of involuntarily dismissing a complaint include (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to prosecute could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Those factors attempt to balance certain "competing concerns" raised in the context of involuntary dismissals, which include "[t]he court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant ... [with] [a] policy [that] favors disposition of cases on their merits." Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993).

In this case, plaintiff has repeatedly failed to file an amended complaint limited to his remaining claims against Putnam and Kronberg despite the clear court orders and deadlines. Plaintiff's failure to comply with those court orders has delayed the progress of this case and left Putnam and Kronberg without any claims to respond to, despite the fact that they were granted summary judgment on the claims most readily identifiable in plaintiff's complaint. Plaintiff has not been previously warned that a failure to prosecute could lead to dismissal and less drastic sanctions have not been imposed. However, given the delay in this case caused by plaintiff's failure to follow clear court orders and deadlines, involuntary dismissal is appropriate so long as plaintiff is given one final chance to amend his complaint.

**IV. Conclusion**

For the reasons discussed above, this Court recommends that plaintiff's case be dismissed *sua sponte* for failure to prosecute unless plaintiff files an amended complaint by January 30,

2009 stating his remaining claims against Putnam and Kronberg and limited to those two defendants.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                 s/Virginia M. Morgan
                                                 Virginia M. Morgan
                                                 United States Magistrate Judge

Dated: January 7, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Carlton West via the Court's ECF System and/or U.S. Mail on January 7, 2009.

                                                 s/Jane Johnson
                                                 Case Manager to
                                                 Magistrate Judge Virginia M. Morgan